**Dunn v Northern Manhattan Rehabilitation & Nursing Ctr.**

2025 NY Slip Op 30071(U)

January 9, 2025

Supreme Court, New York County

Docket Number: Index No. 152487/2021

Judge: Lisa S. Headley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: **HON. LISA S. HEADLEY** | PART | 28M |
| *Justice* | | |

------------------------------------------------------------------X

ANNIE DUNN

                         Plaintiff,

               - v -

NORTHERN MANHATTAN REHABILITATION AND
NURSING CENTER,

                       Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152487/2021 |
| MOTION DATE | 10/15/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 38, 39, 48, 49

were read on this motion to/for                JUDGMENT - SUMMARY        .

      The plaintiff, Annie Dunn, is the spouse of Tomas Dunn ("decedent") and was appointed administrator of the decedent's Estate. In the amended complaint, the plaintiff alleges that the decedent was under the defendant, Northern Manhattan Rehabilitation and Nursing Center's ("defendant") care during a continuous course of treatment from May 2018 to September 2019. (*See, NYSCEF Doc. No. 36*).

      The amended complaint asserts the first cause of action for negligence, and claims that the defendant lacked sufficient staff to care for the decedent, and acted negligently and recklessly in a manner that allowed the decedent to develop ulcers, infection and sepsis, the defendant failed to nourish and hydrate the decedent, failed to move him on a regular basis and failed to take steps to avoid the reduction of blood supply to pressure areas of decedent's skin. As a result of the defendant's acts and/or failure to act, the decedent, *inter alia*, was forced to undergo medical treatment, incur medical expenses, suffer disfigurement, disability, pain, mental anguish and loss of enjoyment of life. The complaint asserts the second cause of action for failure to comply with their obligations under *New York Public Health Law §2801* and is vicariously liable for the violations and lack of responsibility and obligations of persons and entities under defendant's control, including its employees and agents. The complaint asserts that the decedent's injuries were preventable with adequate care, nourishment and hydration. The complaint asserts the decedent was denied his rights under *New York Public Health Law §2801*. Lastly, the complaint asserts the third cause of action for gross negligence, and claims the defendant lacked staff to care for decedent, failed to act knowing that such conduct would result in injury, and that such conduct was willful and in reckless disregard. *Id.*

      The defendant filed a motion for summary judgment, pursuant to *CPLR §3212*, dismissing the Plaintiff's Complaint; dismissing Plaintiff's causes of action against defendant for common

152487/2021   DUNN, ANNIE vs. NORTHERN MANHATTAN NURSING             Page 1 of 4
Motion No. 002

law negligence; and/or dismissing the Plaintiff's cause of action against the defendant for violations of *§2801-d* of the *New York Public Health Law*. (*See*, *NYSCEF Doc. Nos. 31 – 47*).

Discussion

"[T]he proponent of a summary judgment motion must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such *prima facie* showing requires denial of the motion, regardless of the sufficiency of the opposing papers." *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986). Under *CPLR §3212*, "[o]n a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party. *CPLR §3212*. After oral argument held on October 15, 2024, and upon the affidavits, arguments and evidence submitted, this Court finds that summary judgment must be denied because the defendant has failed to demonstrate that there are no material issues of fact.

In support of the motion, defendant submits, *inter alia*, a Statement of Material Facts (*Doc. No. 33*) and the expert affidavit of Dr. Lawrence Diamond (*Doc. No. 34*). Defendant asserts that upon admission on May 22, 2018, the decedent underwent a physical assessment of his general skin condition, and redness was noted in his groin and sacral areas. In addition, based on intake assessments, a comprehensive "Baseline Care Plan" was developed and included assistance with daily living and skin breakdown intervention. Defendant submits that in a progress note dated May 22, 2018, the condition of the decedent's skin was further assessed to be fragile with potential for unavoidable breakdown. (*See*, *NYSCEF Doc. Nos. 33, 40 -47 "Exhibit B"* ). The defendant submits a nursing note dated August 23, 2018, that identifies an abscess of the decedent's left groin and orders for ointment dressing for seven days. *Id*. Defendant asserts there were follow-up assessments of the decedent conducted, including on November 7, 2018, November 13, 2018, November 30, 2018, and December 10, 2018, which ordered continued treatments, including testing decedent's blood for lipids and orders of "not by mouth restriction" as a preventative measure for aspirational pneumonia. *Id*. Defendant also asserts that the decedent received physical therapy consultation on December 20, 2018, and follow-up wound care physician consultation on January 5, 2019. The decedent received numerous assessments, including between May 29, 2018, and July 9, 2019, and the notes indicate the decedent is at risk for skin breakdown but does not present any skin wounds. *Id*. Defendant asserts that the decedent's final wound care took place on September 3, 2019, and he was suffering from one closed blister from his right heel to his right ankle, and a stage II sacral pressure ulcer. (*Id. See, Exhibit B*). In addition, defendant asserts that on September 11, 2019, an arthroplasty of decedent's artery was performed successfully, and he was transferred to the emergency department of Beth Israel Hospital. *Id*.

Defendant submits the expert affidavit of Dr. Lawrence Diamond, who is not a party to the action or employed by any party, and who reviewed pleadings, deposition testimony, discovery documents and the decedent's medical records. Dr. Diamond opined that within a reasonable degree or medical certainty that no acts or omissions of defendant or the defendant's staff demonstrates intentional or reckless wrongdoing and indifference to the decedent's rights. (*See, NYSCEF Doc. No. 34*). To the contrary, Plaintiff disputes the expert opinion and argues Dr.

152487/2021   DUNN, ANNIE vs. NORTHERN MANHATTAN NURSING
Motion No.  002

Page 2 of 4

[* 2]

Diamond ignores that defendant did not comply with the decedent's own care plan curated by defendant, since the daily entries of the decedent's turn and positioning schedule indicated he was not moved for 12 hours at a time rather than every 2 hours per the treatment plan. (*NYSCEF Doc. No. 53*).

In opposition, the plaintiff submits, *inter alia,* an attorney affirmation (*Doc. No. 50*), a Counterstatement of Material Facts (*Doc. No. 51*), the deposition testimony of defendant's Director of Nursing, Ngozi Ngwu-Nwaiwu (*Doc. No. 55*). Plaintiff argues that as to the claim asserting *Public Health Law §2801-d(1)*, the defendant's own records, that being the "Resident CNA Documentation History Detail" (Turning and Positioning Record (*NYSCEF Doc. No. 53*), demonstrates that defendant failed to properly implement the turn and position schedule. Plaintiff argues that the defendant's physical assessment of the decedent indicated that he did not suffer from any unhealed ulcer, however due in part to the immobility and existence of some redness to the sacral and groin area, the decedent was at a heightened risk for the breakdown in his skin's condition.

Furthermore, the plaintiff references the deposition testimony of defendant's Director of Nursing, Ngozi Ngwu-Nwaiwu, wherein she attests that the decedent was placed on his back for three consecutive two-hours periods, when he was ordered to be turned and positioned every two hours, and in violation of federal and state regulations. (*See, NYSCEF Doc. No. 55 at pages 20 - 23*). In addition, plaintiff references the CNA accountability record (*see, NYSCEF Doc. No. 53*) and asserts that the defendant's facility violated its own procedures, state and federal regulations and the decedent's rights under Public Health Law. The plaintiff delineates at least 13 examples of violations, including when the decedent was left in a seated position for 12 hours; and the decedent was on his back without being repositioned for 6 hours. (*Id*). More poignantly, the plaintiff submits the medical records from Beth Israel Hospital, where the decedent's leg was subsequently amputated, and photographs of the decedent's leg wound before amputation. (*See, NYSCEF Doc. No. 59 – 61*).

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact and then only if, upon the moving party's meeting of this burden, the non-moving party fails to establish the existence of material issues of fact which require a trial of the action." *Vega v. Restani Constr. Corp.*, 18 N.Y.3d 499, 503 (2012) [internal citations and quotation marks omitted]. Here, there are issues of fact presented, including but not limited to whether the decedent received adequate care pursuant to the care plan prescribed by the defendant, whether the decedent's injuries were caused as a result of the defendant's action or inaction to turn over and move the decedent every 2 hours. Therefore, the defendant's motion for summary judgment to dismiss the plaintiff's amended complaint must be denied.

Accordingly, it is hereby

**ORDERED** that the defendant Northern Manhattan Rehabilitation and Nursing Center's motion for summary judgment is DENIED; and it is further

[* 3]

ORDERED that any requested relief sought not expressly addressed herein has nonetheless been considered; and it is further

ORDERED that within 30 days of entry, the movant-defendant shall serve a copy of this decision/order upon the plaintiff with notice of entry.

This constitutes the Decision and Order of the Court.

_1/9/2025_
DATE

_Lisa S. Headley_
LISA S. HEADLEY, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | [X] | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | [X] DENIED | | GRANTED IN PART | [ ] OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | [ ] REFERENCE |

152487/2021   DUNN, ANNIE vs. NORTHERN MANHATTAN NURSING
Motion No. 002

Page 4 of 4